UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHARON GAZVODA, *individually and as personal representative of the Estate of Albert Gazvoda*,<br>    Plaintiff,<br><br>    *vs.*<br><br>ST. JUDE MEDICAL, INC. and PACESETTER, INC.,<br>    Defendants. | 1:14-cv-01751-JMS-DKL |

**<u>ORDER</u>**

On October 27, 2014, Plaintiff Sharon Gazvoda, individually and as personal representative of the Estate of Albert Gazvoda, filed a Complaint against St. Jude Medical, Inc. ("St. Jude") and Pacesetter, Inc. ("Pacesetter"). The Complaint alleges that the Court has diversity jurisdiction over this matter because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. [Filing No. 1 at 4.] While Ms. Gazvoda properly sets forth her citizenship, the citizenship of Pacesetter, and the amount in controversy, she does not adequately allege St. Jude's citizenship. Specifically, Ms. Gazvoda states that St. Jude is "a Minnesota Corporation that is headquartered in St. Paul, Minnesota…." [Filing No. 1 at 3.]

A corporation is deemed a citizen of any state where it is incorporated and a citizen of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business). The "nerve center" test determines a corporation's principal place of business. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010). While the location of a corporation's headquarters is often also the location of its

principal place of business, that it not always the case. *Id.* at 1184 ("[i]n practice [the principal place of business] should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings").

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical. Counsel has a professional obligation to analyze subject-matter jurisdiction, *id.*, and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Because Ms. Gazvoda has not alleged where St. Jude's principal place of business is located, the Court cannot determine whether it has diversity jurisdiction over this matter.

For these reasons, the Court **ORDERS** Ms. Gazvoda to file an Amended Complaint by **November 14, 2014**, which properly sets forth the citizenship of St. Jude. Defendants need not answer or otherwise respond to the Complaint.

November 4, 2014

*[signature: Jane Magnus-Stinson]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**